IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE FLOYD FULLER, SR.,**

                      **Petitioner,**

       v.                                    CASE NO. 08-3194-SAC

**FRANK DENNING, et al.,**

                      **Respondents.**

## <u>O R D E R</u>

This matter is before the court on a "Fast Track" petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a pretrial detainee confined in the Johnson County Jail in Olathe, Kansas. Petitioner did not pay the $5.00 district court filing fee required under 28 U.S.C. § 1914(a), and does not seek leave to proceed in forma pauperis without prepayment of that fee as provided in 28 U.S.C. § 1915. The court grants petitioner additional time to satisfy one of these statutory requirements.

In this action, petitioner seeks relief on allegations the Johnson County Sheriff's Department is illegally impairing petitioner's right of access to the courts. Petitioner contends indigent pretrial detainees are entitled to legal resources and materials sufficient for proceeding in the state courts. He claims he is being denied an adequate law library, as well as copies, paper, pens, notarial services, and stamps all at state expense. The court has reviewed petitioner's allegations, and finds the petition is subject to being summarily dismissed without prejudice.

A federal court is authorized to grant a writ of habeas corpus

to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," but no show cause order to a respondent is required if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2241(c)(3). Although petitioner maintains § 2241 is the proper avenue for attacking his pretrial detention, this is accurate only to the extent his allegations fall within "the general grant of habeas authority contained within 28 U.S.C. § 2241." Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007). Allegations of constitutional deprivation in the conditions of his pretrial confinement are not appropriate under § 2241, and are properly raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Muhammad v. Close, 540 U.S. 749, 750 (2004)("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus...and a complaint under...42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus...; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")(citations omitted). *See also* Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(claims arising from conditions of confinement must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition), *cert. denied*, 531 U.S. 1083 (2001). The court thus finds petitioner's allegations concerning his access to free and adequate resources for preparing and drafting legal materials provide no basis for proceeding in habeas corpus under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to submit the $5.00 district court filing fee OR to submit an

executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 6th day of November 2008 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge